Adam I. Gafni, Cal. Bar No. 230045 **GAFNI & LEVIN, LLP**
11620 Wilshire Blvd., Suite 850
Los Angeles, California 90025
Tel: (424) 744-8344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>            Plaintiff,<br><br>vs.<br><br>LEASEWEB USA, INC.; LEASEWEB NETHERLANDS B.V. DBA LEASEWEB.COM; AND DOES 1 – 10, INCLUSIVE<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, BARRY ROSEN ("Plaintiff"), by and through his attorneys of record, alleges against Leaseweb USA, Inc.,("LeaseWeb USA" LeaseWeb Netherlands B.V. dba LeaseWeb.com ("LeaseWeb B.V."), and Does 1-10, and DOES 1 -10 inclusive (collectively "Defendants") as follows:

1
COMPLAINT FOR COPYRIGHT INFRINGEMENT

## I. THE PARTIES

1. Plaintiff Barry Rosen ("Plaintiff") is a professional photographer who currently and at all relevant times has resided within the County of Los Angeles, California. Plaintiff's images at issue in this Complaint are copyrighted images, registered with the United States Copyright Office, to which Plaintiff owns all rights, title, and interest.

2. Plaintiff is informed and believes that Defendant LeaseWeb USA is a Delaware corporation with its headquarters in Manassas Virginia. LeaseWeb USA is an internet hosting service provider which provides dedicated servers and website hosting services to its customers. LeaseWeb USA customers may host its website on a server leased from LeaseWeb USA or can resell hosting services thereby subleasing space on the server to others.

3. Plaintiff is informed and believes that LeaseWeb USA has during all relevant times registered an agent for service of process in the state of California with the California Secretary of State (with an agent address in Glendale, California within this judicial district) and is doing business in California.

4. Plaintiff is informed and believes that LeaseWeb B.V. ("LeaseWeb B.V.) is a Dutch corporation that along with LeaseWeb USA (the "LeaseWeb Defendants") are affiliates and subsidiaries performing essential and interrelated functions for LeaseWeb Global the parent entity of each of the LeaseWeb Defendants. As such, the LeaseWeb Defendants jointly operate and control the website Leaseweb.com through which they target and solicit target customers located in the United States and specifically in California by offering their services through the website leaseweb.com. Plaintiff is further informed and believes that they jointly own and/or operate, and/or manage and/or offer servers and other services located within or directed to the State of California including through at least two (2) data

COMPLAINT FOR COPYRIGHT INFRINGEMENT

centers in California, one at 900 North Alameda Suite 200 Los Angeles, California 90012 (building size roughly 424,000 square feet) as well as at 1735 Lundy Aveny San Jose, California 95131 (building size roughly 157,000 square feet). From the Leaseweb.com website, the LeaseWeb Defendants offer to provide dedicated services, including servers specifically located in Los Angeles, California among other locations and can enter into a contract and/or buy services from either entity online through the same website. Plaintiff is informed and believes that to the extent that the California based servers are technically owned or operated by LeaseWeb USA, LeaseWeb USA is providing essential and important functions for LeaseWeb B.V. and the other affiliates of Leaseweb Global by providing them and their customers hosting services.

5. Plaintiff is informed and believes that another affiliate of the LeaseWeb Defendants LeaseWeb CDN B.V. had in the last years registered with the Secretary of State of California as a foreign corporation doing business in California.

6. The website Leasweb.com as well as all the .com websites are administered by Neustar, Inc and Verisign, Inc both of which are headquartered in Virginia.

7. Plaintiff is informed and believes that LeaseWeb B.V. has purposely attempted to avail itself of the laws and protections of the United States and actively seeks the protection of United States laws by *inter alia*, registering with the United States Copyright Office a Digital Millenium Copyright Agent from at least December 1, 2016 to the present. Plaintiff is informed and believes that LeaseWeb B.V. regularly and intentionally contracts with California and United States customers to provide hosting services as well as contracts with California and United States vendors for equipment and services.

8. Plaintiff is informed and believes that the owners/operators of the websites using the Domain names, idposter.com, nposter.com and celebposter.com, to

which the Leaseweb Defendants provide web hosting services, have/are directly infringing Plaintiff's Photographs scanning, uploading, offer for sale, and publicly displaying the infringing images. Plaintiff does not presently know the true names and capacities of the Defendants as their whois ownership is currently obscured.

9. Plaintiff does not presently know the true names and capacities of the Defendants named as Does 1 through 10, and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave from the Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendant and the known named defendants above, are referred to collectively as "Defendants."

10. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability, therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II. JURISDICTION AND VENUE

11. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint. This action is for damages and permanent injunctive relief arising from Defendants' copyright infringements in violation of the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

12. **Subject Matter Jurisdiction:** This action arises under the Copyright Act, 17 U.S.C. sections 101 *et seq.* and 501(a) *et seq.* This Court has original subject matter jurisdiction over all claims, pursuant to 28 U.S.C. sections 1331 and 1338(a).

13. **Venue:** Plaintiff is informed and believes that venue is proper in this Court, pursuant to 28 U.S.C. section 1391(b) and (c) and Section 1400(a) in that the claims arise in this Judicial District, the injury suffered by Plaintiff took place in this judicial district, and Defendants transact business in this judicial district.

14. **Personal Jurisdiction:** Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years Defendants have operated and/or currently operate commercial businesses through which Defendants knowingly, systematically, and continuously transacted or transact business and enter or entered into contracts on an ongoing basis with and provide or provided services to individuals or companies in California, including within the County of Los Angeles, and Defendants have engaged in intentional acts that willfully infringed or assisted in the infringement of Plaintiff's copyrights within California after receiving actual knowledge of Plaintiff's residence in Los Angeles and intentionally caused injury therein to Plaintiff in California.

15. Plaintiff sent on the dates indicated in **Exhibit A to LeaseWeb USA and in Exhibits B & C to LeaseWeb B.V.,** compliant Digital Millenium Copyright Act Notices ("Notices") to at least the locations listed with either the copyright office and/or or on the LeaseWeb Defendants' websites for sending such notices (if any). In each Notice, Plaintiff identified his name and address as located within this

judicial district as well as the exact web URL address where said image appeared as reflected in Exhibits A – C respectively.

16. The Photographs and URL addresses identified in Exhibit A were on servers owned and/or hosted by LeaseWeb USA to Doe 1.

17. The Photographs and URL addresses identified in Exhibits B and C were on servers owned and/or hosted by LeaseWeb B.V. to Does 2 and 3.

18. The respective LeaseWeb Defendants hosted the images identified in Exhibits A – C on their respective servers and despite receiving the Notices and the right and ability to readily identify and remove said infringements, failed to remove them such that they continued to be publicly displayed and distributed.

19. Plaintiff is further informed and believes that Defendants operate multiple sophisticated highly interactive websites and variety of outlets including through servers located in California and through which they transact business (in their names and in the names of proxies or aliases), interact with customers, and others, and through which they target and solicit customers, and others, and otherwise engage in continuous contact nationwide and in/to/from California.

20. Further, Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because they are engaging in the infringing activity herein or at least upon receiving cease and desist (DMCA) notices containing Plaintiff's mailing address as located in California, they had actual knowledge of Plaintiff's residence and intended to or recklessly caused harm to him in Los Angeles County and the State of California from either the scanning, uploading, offer for sale, and publicly displaying the infringing images at issue and/or failing to remove or disable the infringing images after notice thereof and continue to allow or support the infringing activities after having or obtaining red-flag knowledge thereof.

21. Further, many of the celebrities at issue in the images are of well-known American and Hollywood models or actresses and as such it would be reasonably

anticipated by the LeaseWeb Defendants to be sued in California for such infringements.

22. Plaintiff is informed and believes that Doe 1, the owner of ID Poster clearly has provided fake or false information to Defendants and the idposter.com website is hosted by LeaseWeb USA but also is closely controlled or affiliated with LeaseWeb B.V. because that entity controls the name server for idposter.com. Thereby, both LeaseWeb Defendants are providing essential services and have the ability to remove the images and/or terminate the idposter.com.

23. Plaintiff is informed and believes that Doe 1 is also the owner of Nposter.com appears to have provided fake information to the LeaseWeb Defendants and is hosted and name server as LeaseWeb B.V. and provided an obviously fake address that does not exist to the LeaseWeb B.V.

24. Plaintiff is informed and believes that Doe 2 the owner or operator of celebposter.com has provided obviously fake names and addresses to LeaseWeb B.V. that hosts and hosted the subject website.

### III.   FACTUAL ALLEGATIONS

25. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint.

26. Plaintiff is a professional photographer specializing in celebrity photography. He created the photographic works at issue in this case identified collectively in Exhibits A, B, and C (collectively the "Photographs"). The Photographs consist of 37 different registered images and consists of material original to Plaintiff and is copyrightable subject matter that are currently subject to ongoing active infringement. Plaintiff is the owner of all rights, title, and interest in the Photographs.

27. Plaintiff hereby reserves the right to amend to add as many as approximately 100 other different registered images and consists of material original to Plaintiff

and is copyrightable subject matter that were previously posted/displayed on websites, but have been previously removed pursuant to DMCA notifications and to which Defendants had actual or constructive red-flag knowledge of the infringing activities.

28. Plaintiff is informed and believes that, prior to the time of the infringements commencing as alleged herein, Plaintiff registered the Photographs and had a Certificate of Registration for the Photographs from the United States Copyright Office.

29. The Photographs were not a "work for hire".

30. Within the last three years, Plaintiff discovered that Doe 1 unlawfully copied, publicly displayed, uploaded/downloaded, distributed, and sold unauthorized copies of Photographs identified in Exhibit A, Doe 2 unlawfully copied, publicly displayed, uploaded/downloaded, distributed, and sold unauthorized copies of Photographs identified in Exhibit B, and Doe 3 unlawfully copied, publicly displayed, uploaded/downloaded, distributed, and sold unauthorized copies of Photographs identified in Exhibit C,. constituting direct copyright infringement, pursuant to sections 106 and 501 of the Copyright Act (17 U.S.C section 106 and 501). Plaintiff did not and could not have reasonably discovered the infringing activity alleged herein prior three (3) years before the filing of the Complaint.

31. Plaintiff is informed and believes that the Doe Defendants, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded, caused to be uploaded/downloaded, publicly displayed, distributed, attempted to sell, and sold the Photographs to a global audience on the World Wide Web.

32. Plaintiff sent on the dates indicated in Exhibit A to LeaseWeb USA and in Exhibits B & C to LeaseWeb B.V., compliant Digital Millenium Copyright Act

Notices to at least the locations listed with either the copyright office and/or on the LeaseWeb Defendants' websites for sending such notices. In each Notice, Plaintiff identified his name and address as located within this judicial district as well as the exact web URL address where said image appeared as reflected in Exhibits A – C respectively. Said Notices would have and should have been forwarded to the Doe Defendants respectively.

33. The Photographs identified in Exhibit A were on servers owned and/or hosted by LeaseWeb USA to Doe 1.

34. The Photographs identified in Exhibits B and C were on servers owned and/or hosted by LeaseWeb USA to Does 2 and 3.

35. The respective LeaseWeb Defendants hosted the images identified in Exhibits A – C on their respective servers and despite receiving the Notices and the right and ability to readily identify and remove said infringements, failed to remove them such that they continued to be publicly displayed and distributed.

### IV. FIRST CLAIM FOR RELIEF
### DIRECT COPYRIGHT OF THE PHOTOGRAPHS
### PURSUANT TO 17 U.S.C. 106 and 501
### (Against the Does 1, 3 and 6-10 Defendants)

36. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint.

37. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photographs.

38. Doe Defendants 1, 3, and 6-10 did not obtain a license or authorization to use the Photographs as reflected in Exhibit A and Exhibit C.

39. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive

rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. § 106(1), (3), and (5).)

40. By the actions alleged above, the Doe Defendants 1 and 6-10 have infringed on Plaintiff's copyrights in the Photographs identified in Exhibit A and C.

41. The Doe Defendants 1, 3 and 6-10 misappropriated Plaintiff's copyright in the Photographs with actual and/or constructive knowledge that the Photographs at issue did not belong to Defendants in order to profit from their illicit activities; Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted Photographs.

42. Plaintiff is informed and believes that the Doe Defendants 1, 3 and 6-10's acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that the Doe Defendants knew or recklessly failed to know that they did not have the rights to use the Photographs in the manner in which they used the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.).

43. Plaintiff is informed and believes that, by the actions alleged above, Doe Defendants 1, 3 and 6-10's violated Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et. seq. making Defendants liable for willful direct copyright infringement.

44. Plaintiff is informed and believes that Doe Defendants 1, 3 and 6-10's vicariously infringed Plaintiff's copyright in the Photographs identified in Exhibits A and C by profiting from the sale of the unauthorized prints.

45. As a direct and proximate result of the Doe Defendants 1, 3 and 6-10's infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any

gains, profits, and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

46. Plaintiff is entitled to a preliminary and permanent injunction restraining the Doe Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## V. SECOND CLAIM FOR RELIEF
## DIRECT COPYRIGHT OF THE PHOTOGRAPHS
## PURSUANT TO 17 U.S.C. 106 and 501
### (Against the Does 2 – 5 Defendants)

47. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint.

48. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photographs.

49. Doe Defendants 2-5 did not obtain a license or authorization to use the Photographs as reflected in Exhibit B

50. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. § 106(1), (3), and (5).)

51. By the actions alleged above, the Doe Defendants 2-5 have infringed on Plaintiff's copyrights in the Photographs identified in Exhibit B.

52. The Doe Defendants 2-5 misappropriated Plaintiff's copyright in the Photographs in Exhibit B with actual and/or constructive knowledge that the

Photographs at issue did not belong to Defendants in order to profit from their illicit activities; Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted Photographs.

53. Plaintiff is informed and believes that the Doe Defendants 2-5's acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that the Doe Defendants knew or recklessly failed to know that they did not have the rights to use the Photographs in the manner in which they used the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.).

54. Plaintiff is informed and believes that, by the actions alleged above, Doe Defendants 1, 3 and 6-10's violated Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et. seq. making Defendants liable for willful direct copyright infringement.

55. Plaintiff is informed and believes that Doe Defendants 1, 3 and 6-10's vicariously infringed Plaintiff's copyright in the Photographs identified in Exhibits B by profiting from the sale of the unauthorized prints.

56. As a direct and proximate result of the Doe Defendants 2-5's infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

57. Plaintiff is entitled to a preliminary and permanent injunction restraining the

Doe Defendants 2-5 from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## VI. THIRD CLAIM FOR RELIF FOR SECONDARY COPYRIGHT INFRINGEMENT
### (Against LeaseWeb USA and Does 1, 3 and 6-10)

58. Plaintiff incorporates by reference all preceding allegations of the Complaint.

59. Plaintiff is informed and believes that LeaseWeb USA and Does 1,3 and 6-10 Defendants obtained actual and/or constructive knowledge and/or were willfully blind to the infringing activity, including but not limited to the fact that they received compliant Digital Millenium Copyright Act notices referenced in Exhibit A and/or were forwarded such by LeaseWeb USA.

60. Plaintiff is informed and believes that after receiving such knowledge, said LeaseWeb USA and Does 1,3, and 6-10, Defendants contributed to and/or induced infringement of the infringing unauthorized copies of the Photographs identified in Exhibit A, including by failing to remove or disable public access to and/or public display and distribution of the Photographs despite the ability to readily remove or disable access to such.

61. Plaintiff is also informed and believes that the Doe Defendants derived and/or attempted to derive a direct economic benefit from the infringements alleged herein.

62. As a result of the aforementioned conduct, Plaintiff has sustained damages and/or is entitled to award of statutory damages for the works which were registered at the time the infringement commenced.

63. Plaintiff has been forced to incur attorneys' fees and costs in connection with this infringement.

# FOURTH CLAIM FOR RELIF FOR
# SECONDARY COPYRIGHT INFRINGEMENT
### (Against LeaseWeb B.V. and Does 2-5)

64. Plaintiff incorporates by reference all preceding allegations of the Complaint.

65. Plaintiff is informed and believes that Defendants obtained actual and/or constructive knowledge and/or were willfully blind to the infringing activity, including but not limited to the fact that they received compliant Digital Millenium Copyright Act notices for photographs referenced in Exhibits B and C.

66. Plaintiff is informed and believes that after receiving such knowledge, LeaseWeb B.V and Does 2-5 contributed to and/or induced infringement of the infringing unauthorized copies of the Photographs identified in Exhibits B and C , including by failing to remove or disable public access to and/or public display and distribution of the Photographs identified in Exhibits B & C despite the ability to readily remove or disable access to such.

67. Plaintiff is also informed and believes that the Doe Defendants derived and/or attempted to derive a direct economic benefit from the infringements alleged herein.

68. As a result of the aforementioned conduct, Plaintiff has sustained damages and/or is entitled to award of statutory damages for the works which were registered at the time the infringement commenced.

69. Plaintiff has been forced to incur attorneys' fees and costs in connection with this infringement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For Plaintiff's actual damages;
2. For a full accounting under supervision of this Court of all profits,

income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;

3. For statutory damages under the Copyright Act of up to $150,000.00 per infringement;

4. For prejudgment interest;

5. For attorneys' fees and costs;

6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyright (whether now in existence or hereafter created) or exclusive rights under copyright, and

   b. the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photograph, all domains and all servers and other computer equipment used to publish, broadcast or archive the Photograph; and

7. For such other and further relief as this Court deems just and appropriate.

Dated: May 27, 2022                    GAFNI & LEVIN, LLP

                                       By: /s/ Adam I. Gafni
                                       Adam I. Gafni
                                       Attorneys for Plaintiff
                                       Barry Rosen

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 27, 2022

GAFNI & LEVIN, LLP

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys for Plaintiff
Barry Rosen